UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JAMES ANDREW LOHNES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 2:19 CV 314 |
| MEGAN J. BRENNAN, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

James Andrew Lohnes, a prisoner without a lawyer, alleges that officials at the Lake County Jail are tampering with his mail. In this lawsuit, he is suing three federal postal employees because they have not investigated those allegations to his satisfaction.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lohnes alleges three defendant postal employees are not enforcing the postal laws nor are they protecting him from Lake County jail officials who are tampering with his mail. These allegations are similar to those raised in *Town of Castle Rock, Colo. v.*

*Gonzale*s, 545 U.S. 748 (2005). In that case, the plaintiff had a restraining order the police refused to enforce even after she called and reported that her three daughters had been abducted. The girls were later found murdered. Nevertheless, the Supreme Court held the government officials could not be sued. So too here. Even accepting as true Lohnes' allegations, he has not stated a claim against these three defendants.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

**SO ORDERED.**

Date: September 17, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT